
April 5, 2010

**To Be Filed Under Seal**

The Honorable Richard M. Berman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

**Docket and File
SENTENCING MEMORANDUM**

<u>Re: United States v. Douglas, 09 CR 0182 (S1) (RMB)</u>
1082

Dear Judge Berman:

    We enclose herewith our Sentencing Memorandum and supporting letters on behalf of Cameron Douglas, who is presently scheduled to be sentenced on April 14, 2010.

    We respectfully request that these materials remain under seal. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ In the event your Honor does not seal these documents, we respectfully request that they be redacted in the manner exhibited by the attached copies.[1] We also request that the sentencing proceeding itself take place in a closed courtroom or in the alternative -- consistent with prior proceedings in this matter -- that discussion concerning the most sensitive aspects of this submission, ▆▆▆▆▆▆▆▆▆ take place in a sealed proceeding.

    As the Court is aware, this case has drawn a tremendous amount of media attention, not because of the nature of the crime (a relatively routine narcotics conspiracy case), but because of the identity of the defendant, the son and grandson of actors Michael Douglas and Kirk Douglas. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

[1] Pursuant to the Court's rules, we have redacted all references to information classified by the Court as "sensitive information." ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆



We expect that the sentencing before your Honor will again be widely covered by the press. All of the press coverage thus far has been purely sensational and not serious investigative reporting. █████████████████████████████████████ In addition, the attached Sentencing Memorandum and accompanying letters of support contain highly-personal information regarding third parties not before this court, ███████████████ ██████████████████████████ For those reasons, we request that the attached sentencing submissions be sealed, or in the alternative, redacted.

The media's right of access has been analyzed under two standards, the common law and the First Amendment, neither of which provides an absolute right. "The public has a *qualified* right of access to judicial proceedings and documents, under both the common law and the First Amendment." *United States v. Satter*, 471 F.Supp.2d 380, 384 (S.D.N.Y. 2006) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597-98 (1978); *Press Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986)) (emphasis added). Taking these in turn, a common law presumption in favor of public access can be overcome by weighing the countervailing factors against the weight afforded to the presumption that documents should be disclosed. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995)). In *Satter*, defendant Lynn Stewart sought to keep four documents relating to her sentencing under seal, including a letter from her lawyer transmitting a psychiatric report prepared by the defendant's doctor. *Id.* at 383. The Court stated that although the presumption of access to the letter and the report should be afforded great weight, "[o]ne countervailing interest that has been identified by the Court of Appeals and that is directly at issue in this case is the privacy interest of the person resisting disclosure." *Id.* at 387. Citing the Second Circuit, the District Court stated:

2

> Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational or impure . . . . [C]ourts have the power to insure that their records are not used to gratify private spite or promote public scandal . . . . [I]n considering the weight to be accorded to an assertion of the right of privacy, a court should consider the degree to which the subject matter is traditionally considered private rather than public . . . [F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

*Id.* (citing *Amodeo*, 71 F.3d at 1051) (internal citations and quotation marks omitted). The *Satter* Court determined that the privacy interest in "highly personal family matters" and "highly personal details of defendant Stewart's history and family life" contained in the report was sufficient to compel redaction. *Id.* at 388 (stating "There is no reason to believe that the details of these highly-personal family matters have otherwise been disclosed, and the disclosures of these matters would not promote any of the values associated with public scrutiny of the sentencing process").

Overriding the First Amendment right of access to judicial documents is permissible where doing so is essential to preserve higher values, and the seal or redactions are narrowly tailored to serve those interests. *United States v. Tangorra*, 542 F.Supp.2d 233 (E.D.N.Y. 2008) (citing *Lugosch v. Pyramid Company of Onandaga*, 435 F.3d 110, 120 (2d Cir. 2006). In *Satter*, the Court determined that it was unnecessary to decide whether the First Amendment right of access applies to the letter and report because "the interest in personal privacy for the matters redacted . . . provides a sufficiently compelling interest to overcome that right . . . . [and] the redactions are narrowly tailored to redact only the matters as to which there is a sufficiently compelling interest in personal privacy." *Sattar*, 471 F.Supp.2d at 389.

In *United States v. Kaczynski*, another high profile case dealing with press requests for personal information, the Ninth Circuit determined that both the defendant's privacy interests and those of third parties overrode the right of the press to certain information. There, a news outlet moved to have the alleged "Unabomber's" psychiatric competency report released. 154 F.3d 930 (9th Cir. 1998). The District Court determined release of the defendant's competency report would "serve the ends of justice" by informing the public on Kaczynski's motivation to commit the heinous Unabomber crimes, however, it redacted information regarding third parties that was "private" or that had "the potential to embarrass a person not before the court." *Id.* at 932. Further, the court redacted information concerning Kaczynski's privacy interests that had "little or no relationship to the issues of [his] competency or his motivation . . ." *Id. See also United States v. Milken*, 780 F. Supp. 123 (S.D.N.Y. 1993) ("In light of defendant's privacy interest with respect to his family's medical conditions, all such information shall remain under seal").

3

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████

    We end this letter where we started: this case is a routine drug case. The defendant is not Lynn Stewart, Michael Milken or the Unabomber — all of whom were able to overcome press requests for unlimited access to personal information. His crime is not sensational or even noteworthy. ███████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████

    We understand it is the Court's practice to address applications for sealing or redaction at sentencing. ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████ We also request notification should any media outlet move to unseal materials related to our client's sentencing.

---

² ███████████████████████████████████████████████
█████████████████

4

Respectfully,

Nicholas M. De Feis
De Feis O'Connell & Rose, P.C.
500 Fifth Avenue, 26th Floor
New York, NY 10110

Daniel M. Gitner
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110

Enclosures
Sentencing Memorandum
Supporting Letters
Redacted Copies of the Above

CC: Assistant United States Attorney Jeffrey Brown
    Assistant United States Attorney Aimee Hector

5